**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION (NO. II)<br><br>_____<br><br>This document relates to:<br><br>ALL CASES | MDL Docket No. 2925<br>Misc. No. 20-00008 (BAH) |

Stipulated Protective Order

Pursuant to Fed. R. Civ. P. 26(c), the following provisions shall govern the pretrial disclosure and use of all documents, electronically stored information ("ESI"), testimony, and other information given during the course of discovery, or otherwise disclosed in this proceeding, including information that was previously produced in In re Rail Freight Fuel Surcharge Antitrust Litigation, MDL No. 1869, Civ. No. 07-489-PLF, United States District Court, District of Columbia.

This Protective Order shall govern the practice and procedure in all actions previously transferred to this Court by the Judicial Panel on Multidistrict Litigation ("Panel"), any new tag-along actions later transferred to this Court by the Panel, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto, as part of _In re: Rail Freight Fuel Surcharge Antitrust Litigation (No. II)_, MDL Docket No. 2925 (the "Action"). This Protective Order supersedes any protective order previously entered in any of the individual actions that have been or later are consolidated into the Action.

1.    Definitions

1.1    Party: any named party to the Action, including all of each named party's officers, directors, employees, retained experts, and outside counsel (and their support staff).

1.2    Corporate Family: any wholly owned subsidiaries of a Party to the Action, any parents of a Party to the Action that have a complete ownership of the Party to the Action (whether directly or indirectly through other intermediate wholly-owned entities), and any wholly owned subsidiaries of those parents, so long as each subsidiary or parent described in this paragraph has a legitimate interest in this litigation in at least one of the following ways: (1) decision-making authority regarding this litigation resides in such subsidiary or parent, (2) the in house counsel that represents or advises the Party in connection with this litigation resides in such subsidiary or parent, and/or (3) the subsidiary or parent (or its predecessor) was involved in the contracting, procurement, or fulfillment of the rail freight services at issue in this litigation.

1.3    Disclosure or Discovery Material: all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.4    "Confidential" Information or Items: information (regardless of how generated, stored or maintained), testimony, or tangible things obtained during discovery in the Action that reveal a trade secret, or other confidential research, development, or financial information that is commercially sensitive, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c), and personal information that is protected from disclosure by statute, regulation, or otherwise is entitled to protection from public disclosure.

1.5 "Highly Confidential – Attorneys' Eyes Only" Information or Items: "Confidential" Information or Items, such as materials containing rate or cost data or other competitively sensitive information, the disclosure of which to another Party or non-party would create a substantial risk of causing the Producing Party to suffer a significant competitive or commercial disadvantage.

1.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in the Action.

1.7 Receiving Party: a Party or non-party that receives Disclosure or Discovery Material from a Producing Party in the Action.

1.8 Designating Party: a Party or non-party that designates Disclosure or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

1.9 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

1.10 Outside Counsel: attorneys, paralegals, and other support personnel who are not employees of a Party, but who are retained to represent or advise a Party in the Action.

1.11 In House Counsel: attorneys, paralegals, and other legal department personnel who are employees of a Party or one of its Corporate Family members, to whom disclosure of Disclosure or Discovery Material is reasonably necessary for the Action.

1.12 In House Litigation Counsel: attorneys (and their support staffs) who are employees of a Party or one its Corporate Family members and provide a declaration stating: (a) their name, email address, employing entity, and title; (b) that they focus on litigation issues and are not directly or indirectly involved in commercial negotiations with [Railroads (for counsel representing Shippers) / Shippers (for counsel representing Railroads)] and do not provide

commercial (i.e. non-litigation related) advice on freight transportation issues to the individuals who do engage in commercial negotiations with [Railroads/Shippers]; (c) that they do not currently anticipate being involved in commercial negotiations with [Railroads/Shippers] or providing commercial (i.e. non-litigation related) advice on freight transportation issues to the individuals who do engage in commercial negotiations with [Railroads/Shippers]; and (d) that they have signed the attached Exhibit A and agree to be bound by the Protective Order as stated therein.

1.13    Counsel (without qualifier): Outside Counsel and In House Counsel (as well as their support staffs).

1.14    Principal: an owner, officer, or executive of any plaintiff, or one of its Corporate Family members, whose identity as an owner, officer, or executive of that plaintiff or Corporate Family member has been disclosed to the Parties.

1.15    Expert: a person, who is not an owner, director, officer, or employee of a Party, who has specialized knowledge or experience in a matter pertinent to the Action, including his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action. This definition includes without limitation professional jury or trial consultants retained in connection with the Action.

1.16    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

2.    Use of Disclosure or Discovery Material. Subject to Paragraphs 13 and 15, no Disclosure or Discovery Material may be used by the Receiving Party for any reason other than the prosecution or defense of claims in, or the settlement of, the Action.

3.      Designating Material. The Producing Party may designate documents, ESI, or other materials "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as specified below. The Producing Party shall apply a confidentiality designation only when that party has a reasonable, good faith belief that the designated information constitutes "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material.

3.1     Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material must be designated for protection under this Order by clearly designating the material before it is disclosed or produced.

3.2     The designation of materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be made as follows:

(a)     for produced documents, by imprinting the word(s) "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials. Use of the legend "Highly Confidential" shall be construed as and shall have the same meaning and effect of use as the legend "Highly Confidential – Attorneys' Eyes Only";

(b)     for written discovery responses, by imprinting the word(s) "Confidential" or "Highly Confidential – Attorneys' Eyes Only" next to or above any response to a discovery request or on each page of a response;

(c)      for depositions, by indicating on the record at the deposition which portions of the transcript and/or responses should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pre-trial or trial proceeding, the offering or sponsoring Party or non-party may designate such transcript or recording or any portion thereof as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." All transcripts or recordings of depositions shall be treated as "Highly Confidential – Attorneys' Eyes Only" for thirty (30) days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony;

(d)      for ESI, either by imprinting the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on any disk or storage medium, or on the face of each page of a document so designated, or by designating the production as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the transmittal cover letter.

3.3      Upward Designation of Information or Items Produced by Other Parties or Non-Parties. Subject to the standards of paragraph 3, a Party may upward designate (i.e., change any Disclosure or Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or designate any Disclosure or Discovery Material produced as "Confidential" to a designation of "Highly Confidential –

Attorneys' Eyes Only") any Disclosure or Discovery Material produced by any other Party or

non-party, provided that said Disclosure or Discovery Material contains the upward designating

Party's own trade secrets or other confidential research, development, financial, personal, or

commercially sensitive information, or otherwise is entitled to protective treatment under Fed. R.

Civ. P. 26(c).

Upward designation shall be accomplished by providing written notice to all Parties

identifying (by Bates number or other individually identifiable information) the Disclosure or

Discovery Material to be re-designated within thirty (30) days of production by the Producing

Party. Failure to upward designate within thirty (30) days of production, alone, will not prevent a

Party from obtaining the agreement of all Parties to upward designate certain Disclosure or

Discovery Material or from moving the Court for such relief. Any Party may object to the

upward designation of Disclosure or Discovery Material pursuant to the procedures set forth in

paragraph 6 regarding challenging designations.

4.      Accessing and Using Protected Material

4.1      Disclosure of Confidential information. Unless otherwise ordered by the

Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information or item designated as "Confidential" only:

(a)      to the Receiving Party's Outside Counsel to whom it is reasonably

necessary to disclose the information for the Action;

(b)      to the Outside Counsel for any other Party, at which point that

Party becomes the "Receiving Party" for this information or item;

(c)      to the Receiving Party's In House Counsel to whom it is

reasonably necessary to disclose the information for the Action;

(d)     to no more than four Principals of the Receiving Party to whom it is reasonably necessary to disclose the information for the Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); except that, upon identification of that Principal, any Designating Party shall have five (5) days to petition the Court to challenge the Principal's status as a Principal to whom Confidential information may be disclosed. Pending a decision whether Confidential Information may be disclosed to such a Principal, no Confidential Information shall be disclosed to that Principal without the consent of the Designating Party.

(e)     to any Expert to whom disclosure is reasonably necessary for the Action who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     to the Court and its personnel in the Action, including any relevant appellate court, in the event that any portion of the Action is appealed;

(g)     to court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the Action;

(h)     to any person who Counsel have a good faith basis to believe authored or previously received the material;

(i)     to any person who is an employee of the Designating Party, or a former employee of the Designating Party (if they were employed by the Designating Party when the Confidential Information was created); and

(j)     during the conduct of their depositions, to witnesses in the Action for whom Counsel has a good faith basis to believe disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). If in the future any Party deems in good faith that this subsection (or any other provision of this protective order) is

unworkable, that Party can initiate its unilateral right to demand renegotiation of this subsection and submit an amendment to the Court for approval. The portions of the deposition transcript pertaining to such Confidential information shall automatically be deemed designated as "Confidential" (and any such Confidential information marked as an exhibit during a deposition shall continue to be designated as "Confidential").

        4.2      <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated "Highly Confidential – Attorneys' Eyes Only" only:

        (a)      to the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action;

        (b)      to the Outside Counsel for any other Party, at which point that Party becomes the "Receiving Party" for this information or item;

        (c)      to the Receiving Party's In House Litigation Counsel after service of that In House Litigation Counsel's declaration on all opposing parties and the completion of the following procedures: Opposing parties shall have seven (7) business days to object to such designation or to propose specific additional restrictions that should apply to the designated In House Litigation Counsel's access, except that such period shall be extended to ten (10) business days for the first designation by a party or if a party designates three or more individuals at the same time. If an objection is received, and the parties cannot resolve their differences, then the party opposing access will promptly present the dispute to the Court for resolution. In House Litigation Counsel's access shall continue only until such time as the information provided in sections 1.12(b) or 1.12(c) of that In House Litigation Counsel's declaration is no longer true.

Absent an order from the Court directing greater or lesser access, In House Litigation Counsel are not permitted to access the following categories of information or items designated "Highly Confidential –Attorneys' Eyes Only":

(i)      Information contained in documents that reflects or concerns the commercial relationship, including contract terms (final or draft), negotiations, competitive strategy, or other documents reflecting or related to communications with specific Shippers or Railroads other than the Shipper or Railroad represented by the In House Litigation Counsel.

(ii)     Information contained in documents that reflects negotiations or negotiating strategy with the Shipper or Railroad represented by the In House Litigation Counsel that were not shared with that Shipper or Railroad in the ordinary course of business and that reflect a counterparty's reservation price, overall pricing goals, or willingness to accept prices or contract terms.[1]

(iii)    Shipment data at the customer or transaction level, other than the data for that specific Shipper or Railroad.

(d)      to no more than one In House Counsel for a Receiving Party, but only to the extent that the information or item designated "Highly Confidential –Attorneys' Eyes Only" was produced by a Party in the Action and:

(i)      was sent or received by a current or former employee of the Receiving Party; or

---

[1] For purposes of this subsection, information that pertains specifically to fuel surcharges is expressly excluded from "a counterparty's reservation price, overall pricing goals, or willingness to accept prices or contract terms."

(ii)    is transaction data for transactions of the Party that In House Counsel represents, including summaries thereof;

(e)    to any Expert to whom disclosure is reasonably necessary for the Action who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    to the Court and its personnel in the Action, including any relevant appellate court, in the event that any portion of the Action is appealed;

(g)    to court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the Action;

(h)    to any person who Counsel have a good faith basis to believe authored or previously received the material;

(i)    to any person who is an employee of the Designating Party, or a former employee of the Designating Party (if they were employed by the Designating Party when the "Highly Confidential – Attorneys' Eyes Only" Information was created); and

(j)    during the conduct of their depositions, to witnesses in the Action for whom Counsel has a good-faith basis to believe disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Any Receiving Party intending to use "Highly Confidential – Attorneys' Eyes Only" Information at the deposition of an individual who is not otherwise listed in subsections 4.2(a)-(h) of this paragraph shall provide written notice to the Designating Party identifying (by Bates number or other individually identifiable information) the "Highly Confidential – Attorneys' Eyes Only" Information no later than two (2) business day before the intended disclosure.  After receiving the notice, the Designating Party shall not disclose the notice or the information proposed to be disclosed to any other Party or non-party (including the witness to whom the disclosure is

proposed).

Should the parties, after meeting and conferring, disagree that the proposed disclosure is reasonably necessary, the "Highly Confidential – Attorneys' Eyes Only" Information shall not be disclosed to the witness unless and until the Court orders such disclosure. If in the future any Party deems in good faith that this subsection (or any other provision of this protective order) is unworkable, that Party can initiate its unilateral right to demand renegotiation of this subsection and submit an amendment to the Court for approval.  The portions of the deposition transcript pertaining to such "Highly Confidential – Attorneys' Eyes Only" information shall automatically be deemed designated as "Highly Confidential – Attorneys' Eyes Only" (and any such "Highly Confidential -Attorneys' Eyes Only" information marked as an exhibit during a deposition shall continue to be designated as "Highly Confidential -Attorneys' Eyes Only").

4.3    Depositions

4.3.1    A Receiving Party's In House Counsel may attend any deposition of a former or current employee of the Receiving Party represented by that In House Counsel but will be required to leave the deposition room if any "Highly Confidential – Attorneys' Eyes Only" documents or information is to be discussed, other than such "Highly Confidential – Attorneys' Eyes Only" documents or information the Receiving Party's In House Counsel otherwise is permitted to receive pursuant to Paragraph 4.2(c) or 4.2(d) .  A Receiving Party's In House Litigation Counsel may make a request to the party representing a witness to attend any other deposition.  If the party representing a witness does not agree to the In House Litigation Counsel's attendance, then the Receiving Party requesting In House Litigation Counsel attendance may promptly present the dispute to the Court for resolution.

4.3.2    A Receiving Party's In House Counsel shall not be provided access

to portions of any deposition transcript discussing information or items designated "Highly Confidential – Attorneys' Eyes Only," other than such "Highly Confidential – Attorneys' Eyes Only" documents or information the Receiving Party's In House Counsel otherwise is permitted to receive pursuant to Paragraph 4.2(d). A Receiving Party's In House Litigation Counsel shall be provided access to deposition transcripts pursuant to the procedures and limitations provided in Paragraph 4.2(c).

5.      Responsibility for Compliance. The Party's Counsel who discloses "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information shall be responsible for assuring compliance with the terms of this Order with respect to persons to whom such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information is disclosed, and shall obtain and retain the original Acknowledgements executed by qualified recipients of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information (if such execution was required by the terms of this Order). If it comes to a Party's or non-party's attention that any materials it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.      Modifying this Order and Challenges to Designation. Entry of this Order shall be without prejudice to any party's motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of the Actions.

Moreover, if a party disagrees with a Producing Party's designation of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or disputes the limitations on access to be accorded such information under this Order, the party contesting the designation or

restriction on access shall provide to the Producing Party written notice of its disagreement and specifically identify the information or restriction on access in dispute.  If, despite good faith effort, the dispute cannot be resolved informally by the parties within ten (10) days of the Producing Party's receipt of the written notice, the party contesting the designation or restriction on access may seek a determination from the Court with respect to the propriety of the designation. The Producing Party shall then have five (5) days from the filing of a motion contesting the designation or restriction on access to file an opposition to such motion, following which the contesting party shall be afforded three (3) days to file a reply memorandum.

The "Confidential" or "Highly Confidential – Attorneys' Eyes Only" status of the challenged material shall be maintained until the Court shall rule on the motion. While the challenging party must initiate the motion before the Court, it is the burden of the party seeking protection under this Order to demonstrate that the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation is appropriate. A challenge under this paragraph shall not affect a party's right of access to "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material or to disclose information as provided for in this Order. A party does not waive its right to challenge a confidentiality designation by not electing to mount a challenge promptly after the original designation is made.

7.      <u>Inadvertent Failure to Identify Materials as "Confidential" or "Highly confidential – Attorneys' Eyes Only"</u>. Any party who inadvertently fails to identify materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall have ten (10) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing to the Receiving Party written notice of the error and substituted copies of the inadvertently produced Disclosure or Discovery Material. Any party receiving such inadvertently unmarked

Disclosure or Discovery Material shall make reasonable efforts to retrieve the Disclosure or Discovery Material distributed to persons not entitled to receive Disclosure or Discovery Material with the corrected designation. The right to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents that were inadvertently not identified as such when produced shall be waived six months after production of the materials, provided however that there shall be no waiver where there is good cause shown for the failure to identify the mistaken designation.

8. <u>Disclosure of Disclosure or Discovery Material Protected by the Attorney-Client Privilege or Work Product Doctrine</u>. Consistent with Federal Rule of Evidence 502, if a Party or non-party notifies any other Party that it disclosed Disclosure or Discovery Material that is protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the Receiving Party discovers such disclosure, the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any other material or information relating thereto or on the same or related subject matter.

If a Party or nonparty requests the return of such Disclosure or Discovery Material pursuant to this paragraph or if the Receiving Party recognizes that it has received Disclosure or Discovery Material that, based upon a reasonable interpretation, is subject to any of the privileges discussed in this paragraph, the Receiving Party shall destroy or return all copies of such Disclosure or Discovery Material to the Producing Party within five (5) business days of receipt of such notice or discovery, shall provide a certification that all such disclosed Disclosure or Discovery Material has been returned or destroyed, and shall not use such items for any purpose unless and until further order of the Court. Any party providing notice to another that it

has disclosed Disclosure or Discovery Material that is protected from disclosure under any of the privileges discussed in this paragraph must include, to the extent not already provided, within or simultaneously with such notice sufficient information for the Receiving Party to evaluate the privilege claim(s) asserted, per Rule 26(b)(5) of the Federal Rules of Civil Procedure. The Receiving Party may move the Court for an order allowing use of the Disclosure or Discovery Material in the Action, but further provided that the Receiving Party may not argue that the disclosure to the Receiving Party waived the privilege or immunity.

9.      Protected Material Subpoenaed or Ordered Produced in Other Litigation. If a Receiving Party is served with a subpoena or an order issued in separate litigation that would compel disclosure of any information or items designated in the Action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party in writing (by email or fax, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

9.1      The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other Litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

9.2      The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its

Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

10. Unauthorized Disclosure of Protected Material. If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Agreement to Be Bound by Protective Order, that is attached hereto as Exhibit A.

11. Filing Confidential Material with the Court. If a Party files a document containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information with the Court, it shall file a Notice of Filing Under Seal, and then file the document electronically under seal.

12. Introducing Confidential Information in Court Proceedings. A Party who seeks to introduce "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at a hearing, pretrial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" requests the protection be continued, the Court will review the information to determine if the information is entitled to continued protection. Prior to disclosure of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information at a hearing, the Producing Party may seek further protections against public disclosure from the Court.

13. Use and Disclosure of Independently Obtained Information. Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of its own information, or

of publicly available information, or of information lawfully available to that Party, or of information that lawfully came into the possession of the Party independent of any disclosure of Disclosure or Discovery Material in the Action.

14.    Advice to Client. Nothing in this Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material in rendering such advice.

15.    Pretrial Application Only. This Order shall apply to pretrial proceedings in the Action and shall have no application at trial. The Parties agree to confer in good faith on a protective order to govern during trial. This Order, however, shall remain in effect until such time as an order to govern trial proceedings is entered. Should the Producing Party believe any document warrants protection beyond that described above, the parties shall confer with respect to the treatment of that specific document.

16.    Duration of Order/Return of Confidential Information. All provisions of this Order restricting the use of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information shall continue to be binding after the conclusion of the Action, unless otherwise agreed or ordered by the Court. Within sixty (60) days of the conclusion of the Action (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise), a Producing Party may request that a person in the possession of the Producing Party's "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information return or destroy that information (other than Outside Counsel's copies of documents filed with the Court or Outside Counsel's file copies of documents attached to or information incorporated in attorney work product prepared in connection with the Action). If the Receiving Party elects to

destroy the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, it shall certify within sixty (60) days that such information has been destroyed.

To the extent any person retains copies of the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information pursuant to the terms of this paragraph, such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information shall continue to be subject to the protections provided by this Order.

17.    Reservation of Rights. Nothing contained in this Order, or any designation of confidentiality hereunder, or any failure to make such designation shall be used or characterized by any party as an admission by a Party or a Party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is entitled to protection under the Order, Fed. R. Civ. P. 26(c), or any other law. Nothing in this Order shall be construed as granting any person or entity a right to receive, specific "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information where a court has entered an order precluding that person or entity from obtaining access to that information.

The Parties specifically reserve the right to challenge the designation of any particular information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and agree that by stipulating to entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Disclosure or Discovery Material covered by this Order.  The Parties reserve the right to request modifications of this protective order as reasonably necessary.

Pursuant to stipulation, and for good case, it is so ordered.

Dated:  June 10, 2020

THE HONORABLE BERYL A. HOWELL
U.S. DISTRICT COURT CHIEF JUDGE

**Exhibit A**

<u>Agreement to Be Bound by Protective Order</u>

I, _____, of _____

declare under penalty of perjury that I have read in its entirety and understand the Protective

Order entered by the United States District Court for the District of Columbia in *In re: Rail*

*Freight Fuel Surcharge Antitrust Litigation (No. II)*, MDL Docket No. 2925 (the "Action")..

I agree to comply with and to be bound by all the terms of this Protective Order, and I

understand and acknowledge that failure to comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Columbia for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of the Action.

Date: _____

City and State:_____

Printed Name:_____

Signature:_____