## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION (NO. II)<br><br>This document relates to:<br><br>ALL CASES | MDL Docket No. 2925<br>Misc. No. 20-00008 (BAH) |

## MEMORANDUM AND ORDER

The parties in this multidistrict litigation, *In re Rail Freight Fuel Surcharge Antitrust Litig.* ("*MDL II*"), MDL No. 2952, Misc. A. No. 20-00008 (BAH) (D.D.C.), seek an extension of the fact discovery deadline, currently set for October 1, 2021. *See* Scheduling Order (May 22, 2020) ¶ 5, ECF No. 102. Despite weeks of conferral about this issue, preceded by nearly fifteen years of litigation in this District related to plaintiffs' central allegations that defendants, the four largest railroads operating in the United States, engaged in a multi-year price-fixing conspiracy to increase the price of rail-freight transport, *see In re Rail Freight Fuel Surcharge Antitrust Litig.* ("*MDL I*"), MDL No. 1869, No. 07-mc-00489-PLF-GMH (D.D.C.), the parties "have been unable to agree on a joint proposal for extending the fact discovery deadline," Joint Status Report (June 14, 2021) ("June JSR") at 1, ECF No. 667. In a forty-page joint status report, accompanied by almost ninety pages of exhibits, detailing the parties' lack of agreement, plaintiffs suggest an extension of three months, until December 31, 2021, *id.* at 1, while defendants request an extension of about fourteen months, until December 2, 2022, *id.* at 17. Thus, this Court is asked to resolve the parties' gap of twelve months to complete discovery.

1

At present, this multidistrict litigation includes over 100 individual actions, with still more cases being filed and added even at this late date. *See In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II)*, MDL No. 2925, Misc. A. No. 20-00008 (BAH), 2021 WL 1909777, at *2 (D.D.C. May 12, 2021); *e.g.*, Conditional Transfer Order, *Gen. Motors LLC v. BNSF Ry. Co.*, No. 4:21-cv-11340 (E.D. Mich.) (July 1, 2021), ECF No. 675.  Plaintiffs have identified a list of approximately 50 fact depositions, as well as depositions of each of the four defendant railroads pursuant to Fed. R. Civ. P. 30(b)(6).  June JSR at 2; *see also id.*, Ex. C, Letter from Plaintiffs' Counsel to Defense Counsel, App. A, ECF No. 667-3.  So far, defendants have identified approximately 660 cumulative fact depositions across the more than 300 individual plaintiffs and 117 plaintiff groups in these actions, in addition to Rule 30(b)(6) depositions of each plaintiff. June JSR at 2, 24.  As a result, defendants represented at the motions hearing held on May 6, 2021 that they anticipate "anywhere from 600 to a thousand depositions in this case."  Tr. of Hr'g (May 6, 2021) at 6:24–7:1, ECF No. 620.  Though plaintiffs contend that defendants' list of deponents is not "reasonable," June JSR at 3, and suggest this list was "prepared . . . primarily for the purpose of trying to justify a lengthy schedule extension," *id.* at 8, plaintiffs do not dispute that defendants are entitled to conduct plaintiff-specific discovery.  Examination of defendants' tentative list of deponents reveals that it consists primarily of the parties' 186 agreed-upon custodians and individuals identified in each plaintiff group's initial disclosures. *See id.* at 6, 24; *id.*, Ex. D, Email from Kelsey S. Bryan, Associate, Jones Day, to Plaintiffs' Counsel (Apr. 30, 2021, 4:06 PM), Attach., ECF No. 667-4.  The realities of scheduling these hundreds of depositions, as defendants rightly contend, *see* June JSR at 19–27, requires a lengthier extension than the three months suggested by plaintiffs.

In addition, a longer extension of fact discovery will allow for resolution of the pending interlocutory appeal in *MDL I*, challenging Judge Friedman's memorandum opinion and order

interpreting 49 U.S.C. § 10706(a)(3)(B)(ii) ("Section 10706"). *See In re Rail Freight Fuel Surcharge Antitrust Litig.* ("*MDL I Section 10706 Decision*"), MDL No. 1869, Misc. A. No. 07-0489 (PLF), 2021 WL 663669, at *7–26 (D.D.C. Feb. 19, 2021) (interpreting Section 10706 and applying this interpretation to deny defendants' challenges to admissibility of certain evidence); *In re Rail Freight Fuel Surcharge Antitrust Litig.* ("*MDL I Certification Decision*"), MDL No. 1869, Misc. A. No. 07-0489 (PLF), 2021 WL 2433737, at *1, *12 (D.D.C. June 15, 2021) (granting defendants' motions for certification of interlocutory appeal). Section 10706 limits the admissibility of communications between rail carriers related to "interline movements" by "bar[ring] certain inferences" from such communications and "provid[ing] that evidence [of such communications] meeting certain requirements shall not be admissible in any proceeding." *MDL I Section 10706 Decision*, 2021 WL 663669, at *6. Judge Friedman interpreted the relevant provisions of the statute to indicate that an "interline movement" protected by Section 10706 "must be an identifiable movement or movements with identifiable circumstances, such as a specific shipper, specific shipments, and specific destinations," *id.* at *19, and that the statutory protections may be implemented through "[r]edaction of the inadmissible portions" or "limiting instructions" rather than wholesale exclusion of evidence, *id.* at *17. Defendants' motion for certification of these two conclusions was granted only weeks ago, *see MDL I Certification Decision*, 2021 WL 2433737, at *1, *12, and thus their interlocutory appeal on these issues is currently pending before the D.C. Circuit.

As Judge Friedman observed, "[t]he interpretation and application of Section 10706 is a central question in *all* the individual cases now pending" in *MDL I* and *MDL II*, since "[p]laintiffs' ability to establish a conspiracy, and defendants' ability to defend themselves against allegations of conspiratorial conduct, turn in no small measure on what evidence is admissible, and in what form, pursuant to Section 10706." *Id.* at *11. Thus, both the scope of

relevant discovery and the viability of plaintiffs' claims and defendants' defenses in this multidistrict litigation will be determined at least in part by the D.C. Circuit's resolution of the interlocutory appeal in *MDL I*.  Considerations of judicial economy weigh in favor of extending discovery in *MDL II* in order to align better the parties' efforts and further proceedings in this Court with the Circuit's disposition of the legal questions surrounding Section 10706's meaning and application to the substantially similar claims and evidence at issue in *MDL I*.

Nowhere in the voluminous briefing of their dispute about the appropriate extension of fact discovery do the parties address the impact of any extension on the Scheduling Order's current deadlines for expert discovery and the close of discovery.  Nonetheless, to preserve the sequence of discovery anticipated by the Scheduling Order, all subsequent deadlines will be extended for the same length of time as the fact discovery deadline.

For the foregoing reasons, upon consideration of the parties' Joint Status Report, ECF No. 667, and representations made at the May 6, 2021 motions hearing, *see* Min. Entry (May 6, 2021), it is hereby—

**ORDERED** that the parties' request for a status conference to discuss proposed modifications to the Scheduling Order, ECF No. 102, previously issued in this case is **DENIED** as unnecessary; and it is further

**ORDERED** that the Scheduling Order is **MODIFIED** as follows:

1. By **October 1, 2022**, all fact discovery shall be completed;

2. By **November 1, 2022**, plaintiffs shall serve initial expert disclosures;

3. By **February 15, 2023**, defendants shall serve opposition expert disclosures;

4. By **May 16, 2023**, plaintiffs shall serve rebuttal expert disclosures; and

5. By **May 30, 2023,** the parties shall file a joint status report proposing a schedule for further proceedings, including any anticipated motions; and it is further

5

**ORDERED** that the parties are **DIRECTED** to submit, by September 7, 2021, and every twelve weeks thereafter, a joint status report regarding the status of this litigation, including the numbers of depositions noticed, completed, and anticipated.

**SO ORDERED.**

Date: July 6, 2021

_____
BERYL A. HOWELL
Chief Judge