**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION (NO. II)<br><br>This document relates to:<br><br>*Kennecott Utah Copper LLC, et al. v. BNSF Railway Company, et al.*, No. 1:21-cv-01835-BAH (D.D.C.) | MDL Docket No. 2925<br>Misc. No. 20-8 (BAH) |

<u>**DEFENDANT CSX TRANSPORTATION INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**</u>

CSX Transportation, Inc. ("CSXT") hereby answers the Complaint filed by Kennecott Utah Copper LLC, U.S. Borax Inc., and Rio Tinto Energy America Inc. ("Plaintiffs") as follows:

CSXT denies each and every allegation of the Complaint, except as specifically stated, and denies that it violated in any way the antitrust laws under which Plaintiffs purport to bring this action.  No response to the allegations in the unnumbered paragraph on page 1 is necessary or required because the allegations contain legal arguments and conclusions of law.  To the extent a response is necessary, CSXT denies the allegations, except admits that Plaintiffs purport to bring an action as described in that paragraph.

**NATURE OF THE ACTION**

1.      Paragraph 1 contains legal arguments and conclusions of law to which no response is required.  CSXT denies the allegations in Paragraph 1, including that it engaged in any conspiracy with any of the other Defendants.

2.      Paragraph 2 contains legal arguments and conclusions of law to which no response is required.  CSXT neither admits nor denies the allegations in Paragraph 2 concerning the historical study of rail rates that Plaintiffs claims was undertaken by the Surface Transportation Board ("STB") because the study Plaintiffs purport to quote is the best evidence of its accurate and complete contents.  CSXT admits that a document produced in the case captioned *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, Case No. 07-489 (D.D.C.) (the "Putative Class Action") contains the language quoted in the last sentence in Paragraph 2, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, which is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 2, except admits that it has competed against other railroad companies.

3.      Paragraph 3 contains legal arguments and conclusions of law to which no response is required.  CSXT admits that documents produced in the Putative Class Action contain the quoted language in Paragraph 3, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the documents, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiffs purport to quote are the best evidence of their complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 3, except admits that it independently implemented various fuel surcharges between 2000 and 2003 that sought to recover CSXT's increased fuel costs during this period.

4.      CSXT denies the allegations in Paragraph 4 concerning the supposed statements made by Union Pacific Railroad Company's ("UP") President, James Young, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because any transcript of UP's October 2004 earnings call is the best evidence of any statements

made during this earnings call.  CSXT denies the remaining allegations in Paragraph 4, except admits that Congress partially deregulated the railroad industry when it passed the Staggers Rail Act of 1980 ("Staggers Act"), and that CSXT has entered into private freight transportation contracts that included cost escalation provisions tied to the All Inclusive Index ("AII") or the Rail Cost Adjustment Factor ("RCAF").

5.      Paragraph 5 contains legal arguments and conclusions of law to which no response is necessary.  To the extent a response is required, CSXT denies the allegations characterizing the STB decision Plaintiffs purport to quote, which is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 5.

6.      CSXT denies the allegations in Paragraph 6 concerning any supposed fuel surcharge recommendation made by UP's CMO, Jack Koraleski, because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT admits that one item on a multi-part agenda produced in the Putative Class Action was the quoted language in Paragraph 6, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, which is the best evidence of its accurate and complete contents.  CSXT denies the remaining allegations in Paragraph 6.

7.      CSXT admits that a document produced in the Putative Class Action contains the quoted language in in Paragraph 7, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.

8.      CSXT denies the allegations in Paragraph 8 concerning UP and BNSF Railway Company ("BNSF") because it lacks sufficient information to form an independent belief

concerning the truth of the allegations, and because the document Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 8, except admits that CSXT announced certain modifications to its published fuel surcharge on or around March 20, 2003.

9.      CSXT admits that documents produced in the Putative Class Action contain the quoted language in Paragraph 9, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the documents, which are the best evidence of their complete and accurate contents.  CSXT further denies the allegations concerning any fuel surcharge discussions between Norfolk Southern Railway Company ("NS") and BNSF that supposedly took place because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiffs purport to quote are the best evidence of their complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 9.

10.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 10, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.

11.     Paragraph 11 contains legal arguments and conclusions of law to which no response is required.  CSXT admits that documents produced in the Putative Class Action contain the quoted language in Paragraph 11, but denies Plaintiffs' characterization of the documents, as well as Plaintiffs' allegations concerning NS, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiffs purport to quote are the best evidence of their complete and

accurate contents.  To the extent the allegations in Paragraph 11 relate to CSXT, CSXT denies

these allegations, including Plaintiffs' characterization of any document, because there was no

"coordinated FSC" and because the document that Plaintiffs purport to quote is the best evidence

of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 11.

12.     CSXT denies the allegations in Paragraph 12 because it lacks sufficient

information to form an independent belief concerning the truth of the allegations, and because

the documents that Plaintiffs purport to quote are the best evidence of their complete and

accurate contents, except admits that a document produced in the Putative Class Action indicates

that CSXT and UP executives met in June 2003 to discuss their joint interline business.  CSXT

denies Plaintiffs' characterization of the documents Plaintiffs' purport to quote or cite in

Paragraph 12.

13.      Paragraph 13 contains legal arguments and conclusions of law to which no

response is required.  CSXT admits that a document produced in the Putative Class Action

contains the quoted language in the last sentence in Paragraph 13, but denies Plaintiffs'

allegations, including Plaintiffs' characterization of the document, because it lacks sufficient

information to form an independent belief concerning the truth of the allegations, and because

the document that Plaintiffs purport to quote is the best evidence of its complete and accurate

contents.  CSXT denies the remaining allegations in Paragraph 13.

14.     Paragraph 14 contains legal arguments and conclusions of law to which no

response is required.  CSXT admits that documents produced in the Putative Class Action

contain the unbracketed words quoted in the bullet points in Paragraph 14, but denies Plaintiffs'

allegations concerning BNSF, UP and NS because it lacks sufficient information to form an

independent belief concerning the truth of the allegations, and because the documents that

Plaintiffs purport to quote are the best evidence of their complete and accurate contents.  To the extent the allegations in Paragraph 14 relate to CSXT, CSXT denies the allegations, including the assertion that the CSXT documents that Plaintiffs purport to quote show that CSXT participated in any fuel surcharge "scheme."  CSXT also denies Plaintiffs' characterization of the CSXT documents they purport to quote, which are the best evidence of their complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 14.

15.     Paragraph 15 contains legal arguments and conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 15 relate to BNSF and UP, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 15, except admits that in 2003 the Association of American Railroads ("AAR") announced the establishment of a new index called the All Inclusive Index Less Fuel ("AIILF"), which was a cost index that did not have a fuel component.

16.     Paragraph 16 contains legal arguments and conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 16 relate to NS, BNSF, and UP, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because any documents that Plaintiffs purport to quote are the best evidence of their complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 16.

17.     Paragraph 17 contains legal arguments and conclusions of law to which no response is required.  CSXT admits that "oil prices skyrocketed," from less than $40 to nearly $150 per barrel, during the Relevant Period.  CSXT neither admits nor denies the allegations relating to the content of the alleged Senate Commerce Committee report because the document

is the best evidence of its complete and accurate contents.  CSXT denies that the chart from the

Senate Committee report – which reflects the Defendants' "combined profits margins" –

represents an accurate depiction of CSXT's profit margins between 2000 and 2009, and denies

the remaining allegations in Paragraph 17.

18.     CSXT admits that the American Chemistry Council and an entity calling itself the

Consumers United for Rail Equity issued a purported study of railroad fuel surcharge revenue in

2007, but CSXT neither admits nor denies the allegations relating to the content of the study

because the study is the best evidence of its contents.  CSXT denies that the purported study

accurately analyzed or reported CSXT's fuel surcharge revenue or fuel costs, and denies the

remaining allegations in Paragraph 18.

19.     CSXT admits that documents filed in the Putative Class Action contained the

quoted language in Paragraph 19, but denies Plaintiffs' allegations and characterization of these

documents.  CSXT denies the allegations concerning NS, BNSF, and UP because it lacks

sufficient information to form an independent belief concerning the truth of the allegations, and

because the documents that Plaintiffs purport to quote are the best evidence of their complete and

accurate contents.  To the extent the allegations in Paragraph 19 purport to quote a CSXT

document discussing operating revenue in 2006, CSXT denies the allegations because the

document is the best evidence of its complete and accurate contents.

**PARTIES**

20.     CSXT denies the allegations in Paragraph 20 because it lacks sufficient

information to form an independent belief concerning the truth of the allegations.

21.     CSXT denies the allegations in Paragraph 21 because it lacks sufficient

information to form an independent belief concerning the truth of the allegations.

22.     CSXT denies the allegations in Paragraph 22 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

23.     Paragraph 23 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is necessary, CSXT denies the allegations in Paragraph 23.

24.     CSXT admits the allegations in Paragraph 24.

25.     CSXT denies the allegations in Paragraph 25 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

26.     CSXT denies the allegations in Paragraph 26 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

27.     CSXT denies the allegations in Paragraph 27 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

## JURISDICTION AND VENUE

28.     CSXT admits that Plaintiffs purport to bring this action as described in Paragraph 28, but denies that it has violated the antitrust laws.

29.     Paragraph 29 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT admits the allegations in Paragraph 29.

30.     Paragraph 30 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT lacks knowledge or information sufficient to a belief as to the truth or falsity of the allegations.

31.     Paragraph 31 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations, except denies the allegations in subsection (d).

## INTERSTATE TRADE AND COMMERCE

32.     CSXT denies the allegations in Paragraph 32 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

33.     Paragraph 33 contains legal arguments and conclusions of law to which no response is required.  CSXT admits that it sold and carried out rail shipments in the flow of interstate commerce to shippers and customers throughout the United States between July 1, 2003 and December 31, 2008 (the "Relevant Period").  CSXT denies the remaining allegations in Paragraph 33.

34.     Paragraph 34 contains legal arguments and conclusions of law to which no response is required.  CSXT denies the allegations in Paragraph 34.

## DEREGULATION OF THE RAILROAD INDUSTRY

35.     CSXT admits that Congress partially deregulated the railroad industry when it passed the Staggers Act.  The remaining allegations in Paragraph 35 state legal conclusions to which no response is required.  To the extent a response is required, CSXT denies the remaining allegations in Paragraph 35.

36.     CSXT admits the allegations in Paragraph 36.

37.     CSXT lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in Paragraph 37.  The remaining allegations in Paragraph 37 state legal conclusions to which no response is required.  To the extent a response is required, CSXT denies the remaining allegations in Paragraph 37.

38.     Paragraph 38 contains legal arguments and conclusions of law to which no response is required.  CSXT denies the allegations in Paragraph 38, except admits that there are seven Class I railroads today and that two Class I railroads are owned by Canadian entities.

39.     Paragraph 39 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 39.

## DEFENDANTS SEEK UNSUCCESSFULLY TO RAISE RATES BEFORE THE RELEVANT PERIOD

40.     CSXT denies the unnumbered heading that appears before this paragraph.  CSXT neither admits nor denies the allegations relating to the content of the Surface Transportation Board study that Plaintiffs purport to cite and quote because the study is the best evidence of its complete and accurate contents.  CSXT denies that the purported study accurately analyzed or reported CSXT's rail freight rates, and denies the remaining allegations in Paragraph 40.

41.     To the extent that the allegations in Paragraph 41 relate to BNSF, NS, and UP, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  To the extent that the allegations in Paragraph 41 relate to CSXT, CSXT admits that it independently employed various fuel surcharges and sought to increase its revenues between 2000 and 2003, as it did thereafter.  CSXT denies the remaining allegations in Paragraph 41.

42.     Paragraph 42 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT admits that documents produced in the Putative Class Action contain the language quoted in Paragraph 42, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the documents.  To the extent that the allegations in Paragraph 42 relate to BNSF, CSXT denies the allegations because it lacks

sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  To the extent the allegations in Paragraph 42 relate to CSXT, CSXT denies the allegations, including Plaintiffs' characterization of the CSXT document they purport to quote, which is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 42.

43.     Paragraph 43 contains legal arguments and conclusions of law to which no response is required.  CSXT admits that documents produced in the Putative Class Action contain the quoted language in Paragraph 43, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the documents.  To the extent allegations in Paragraph 43 relate to NS, BNSF and UP, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiffs purport to quote are the best evidence of their complete and accurate contents.  To the extent that the allegations in Paragraph 43 relate to CSXT, CSXT denies the allegations, including Plaintiffs' characterization of the testimony and report that Plaintiffs purport to quote or summarize, which are the best evidence of their complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 43.

44.     Paragraph 44 contains legal arguments and conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 44 relate to NS, BNSF and UP, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 44.

45.     CSXT admits that documents produced in the Putative Class Action contain the quoted language in Paragraph 45, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the documents, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiffs purport to quote are the best evidence of their complete and accurate contents.

46.     CSXT admits that documents produced in the Putative Class Action contained the quoted language in Paragraph 46, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the documents, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiffs purport to quote are the best evidence of their complete and accurate contents.

47.     Paragraph 47 contains legal arguments and conclusions of law to which no response is required.  CSXT denies the allegations in Paragraph 47, except admits that the RCAF is a weighted index that includes fuel costs and a number of other costs as factors, and that CSXT has entered into private freight transportation contracts that included cost escalation provisions tied to RCAF.

48.     To the extent that the allegations in Paragraph 48 relate to NS, CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 48, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 48.

49.     CSXT denies the allegations in Paragraph 49.

**DEFENDANTS CONSPIRE IN 2003 TO RAISE PRICES BY ESTABLISHING AND BROADLY ENFORCING A COORDINATED RATE-BASED FSC PROGRAM AS MEANS TO INCREASE ALL-IN RATES**

50.     CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 50 contains legal arguments and conclusions of law to which no response is required. To the extent a response is necessary, CSXT denies the allegations in Paragraph 50.

51.     Paragraph 51 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is necessary, CSXT denies the allegations in Paragraph 51.

52.     Paragraph 52 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is necessary, CSXT denies the allegations in Paragraph 52.

53.     CSXT denies the allegations in Paragraph 53.

54.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 54, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote or summarize is the best evidence of its complete and accurate contents.

55.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 55, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, which is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 55.

56.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 56 but denies Plaintiffs' characterization of the document.  CSXT

denies the allegations in Paragraph 56, except admits that it announced modifications to its published fuel surcharge formula in March 2003.  CSXT further admits that under this formula, when the 30-day average price of West Texas Intermediate ("WTI") index exceeded $23 per barrel, fuel surcharge rates would increase or decrease 0.4 percent for every $1 change in the price of fuel.

57.     CSXT admits that its modified published fuel surcharge formula used the 30-day average price of oil on the WTI index.  CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 57 but denies Plaintiffs' characterization of the document.  CSXT denies the remaining allegations in Paragraph 57, including Plaintiffs' characterization of CSXT's modified fuel surcharge formula and the CSXT document they purport to quote, which is the best evidence of its complete and accurate contents.

58.     CSXT denies the allegations in Paragraph 58 because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiffs purport to quote are the best evidence of their complete and accurate contents.

59.     CSXT denies the allegations in Paragraph 59 because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiffs purport to quote are the best evidence of their complete and accurate contents.

60.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 60, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent

belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.

61.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in this Paragraph 61 but denies Plaintiffs' characterization of the document.  To the extent that the allegations in Paragraph 61 relate to BNSF, NS, and UP, CSXT denies the allegations, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegation, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT admits that a National Freight Transportation Association ("NFTA") conference occurred on April 2-6, 2003 at the Wigwam resort in Litchfield Park, Arizona and that certain CSXT employees have attended NFTA conferences.  CSXT denies the remaining allegations in Paragraph 61.

62.     CSXT admits that a document produced in the Putative Class Action was titled "BNSF-CSX Alliance Meeting Jacksonville, FL April 1, 2003" and listed, among others, the names Mike Giftos and John Lanigan.  CSXT denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, which is the best evidence of its contents.

63.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 63, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.

64.     Paragraph 64 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in

Paragraph 64 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

65.     Paragraph 65 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 65 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

66.     Paragraph 66 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 66 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

67.     Paragraph 67 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 67 for lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

68.     Paragraph 68 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 68 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

69.     CSXT denies the allegations in Paragraph 69 because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.

70.     CSXT denies the allegations in Paragraph 70 for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the allegations.

71.     CSXT denies the allegations in Paragraph 71.

## PUBLICATION OF THE AIILF AND FIXING FSC RATES

72.     CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 72 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is necessary, CSXT denies the allegations in Paragraph 72.

73.     Paragraph 73 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is necessary, CSXT denies the allegations in Paragraph 73.

74.     Paragraph 74 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is necessary, CSXT denies the allegations in Paragraph 74, except admits that the AAR published the AIILF index in December 2003, and that the AIILF was similar to the AII and RCAF indices except that it did not include fuel costs as a component.

75.     Paragraph 75 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is necessary, CSXT denies the allegations in Paragraph 75.

76.     CSXT denies the allegations in Paragraph 76 because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.

77.     Paragraph 77 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 77 concerning NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 77.

78.     Paragraph 78 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, denies the allegations, except admits that, as of June 2003, CSXT's published fuel surcharge applied when the 30-day average price of WTI exceeded $23 per barrel, and that according to this published fuel surcharge, when the 30-day average price of WTI exceeded $23 per barrel, fuel surcharge rates increased 0.4 percent for every $1 increase.

79.     Paragraph 79 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations, except admits that CSXT changed its published fuel surcharge two months after the WTI adjusted, and that it published its monthly fuel surcharge percentages on its website.

80.     Paragraph 80 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 80.

81.     Paragraph 81 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 81, except admits that the AII and RCAF both included a fuel component.

82.     Paragraph 82 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 82.

83.     Paragraph 83 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 83, but denies Plaintiffs' allegations concerning BNSF, UP and NS, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 83.

84.     Paragraph 84 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 84 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

85.     To the extent the allegations in Paragraph 85 and footnote 1 relate to NS, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 85, except admits that its published fuel surcharges were as alleged in Paragraph 85.

86.     Paragraph 86 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 86.

87.     Paragraph 87 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 87, except to admit that it did adopt a published mileage-based fuel surcharge formula in 2007.

88.     Paragraph 88 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 88, including because it did not have an "intermodal business" during the Relevant Period.

## IMPLEMENTATION OF THE SCHEME: DEFENDANTS' ACROSS-THE-BOARD APPLICATION OF FSCs

89.     CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 89 contains legal arguments and conclusions of law to which no response is required. CSXT admits that documents produced in the Putative Class Action contain the quoted language in Paragraph 89, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the documents.  To the extent the allegations in Paragraph 89 relate to NS, UP and BNSF, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  To the extent the allegations relate to CSXT, CSXT denies Plaintiffs' allegations, including Plaintiffs' characterization of the CSXT document they purport to quote, which is the best evidence of its complete and accurate contents. CSXT denies the remaining allegations in Paragraph 89.

90.     CSXT admits that documents produced in the Putative Class Action contain the quoted language in Paragraph 90, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the documents.  To the extent that the allegations in Paragraph 90 relate to NS

and BNSF, CSXT denies the allegations, including Plaintiffs' characterization of documents, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiffs purport to quote are the best evidence of their complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 90.

91.     Paragraph 91 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 91 concerning BNSF because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 91.

92.     CSXT denies the allegations in Paragraph 92, except admits that it monitored its independent use of fuel surcharges during the Relevant Period.  To the extent the allegations in Paragraph 92 relate to any CSXT document, CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 92, but CSXT denies Plaintiffs allegations, including Plaintiffs' characterization of the document, which is the best evidence of its complete and accurate content.  CSXT denies the remaining allegations in Paragraph 92.

93.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 93, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.

94.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 94, but denies Plaintiffs' allegations, including Plaintiffs'

characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiffs purport to quote are the best evidence of their complete and accurate contents.

95.      Paragraph 95 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT admits that a document produced in the Putative Class Action contained the quoted language in Paragraph 95, but denies Plaintiffs' characterization of the document and the allegations relating to BNSF and NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 95.

96.      Paragraph 96 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 96 that relate to NS, UP, and BNSF because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 96.

97.      CSXT admits that a document produced in the Putative Class Action contains the quoted in Paragraph 97, but denies Plaintiffs' characterization of the document and the allegations that relate to NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 97.

98.     Paragraph 98 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 98.

99.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 99, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 99.

100.    To the extent that the allegations in Paragraph 100 relate to NS, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the written congressional testimony that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 100.

101.    Paragraph 101 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 101.

**THE STB DECISION**

102.    CSXT neither admits nor denies the allegations in Paragraph 102 because the STB ruling is the best evidence of its contents.

103.    CSXT neither admits nor denies the allegations in Paragraph 103 because the STB ruling is the best evidence of its contents.

104.     Paragraph 104 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 104.

### THE CONSPIRACY SUCCEEDS

105.     CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 105 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is necessary, CSXT denies the allegations in Paragraph 105.

106.     Paragraph 106 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT admits that documents produced in the Putative Class Action contain the quoted language in Paragraph 106, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the documents, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents and testimony that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 106.

107.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 107, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.

108.     To the extent that the allegations in Paragraph 108 relate to BNSF, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 108.

109.     To the extent that the allegations in Paragraph 109 relate to BNSF, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to describe is the best evidence of its complete and accurate contents.  To the extent that the allegations in Paragraph 109 relate to a supposed 2007 AAR publication, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the publication that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 109.

110.     Paragraph 110 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 110 that relate to UP because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiffs purport to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 110.

111.     Paragraph 111 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT denies the allegations in Paragraph 111.

112.     Paragraph 112 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is necessary, CSXT admits that a document produced in the Putative Class Action contains the quoted language in the first sentence in Paragraph 112, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the document.  CSXT further denies the allegations in Paragraph 112 seeking to characterize the

supposed conclusions in the purported 2009 STB study because the study is the best evidence of its complete and actual contents.  CSXT denies the remaining allegations in Paragraph 112.

113.    To the extent that the allegations in Paragraph 113 seek to characterize the supposed findings in a purported 2010 Senate Commerce Committee report, CSXT denies the allegations because the report is the best evidence for its complete and accurate contents.  CSXT also denies that the chart in the purported Senate Commerce Committee report – which purport to show the Defendants' "combined profit margins" between 2000 and 2009 – that is cited by Plaintiffs accurately analyzes and reflects CSXT's profit margins during this period.

## COUNT I

### (Violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act)

114.    CSXT incorporates by reference its responses to Paragraphs 1-113 as if set forth fully herein.

115.    Paragraph 115 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 115.

116.    Paragraph 116 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 116.

117.    Paragraph 117 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 117.

118.    Paragraph 118 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 118.

119.    Paragraph 119 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 119.

120.    Paragraph 120 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 120.

121.    Paragraph 121 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 121.

## PLAINTIFFS' PRAYER FOR RELIEF

CSXT denies that Plaintiffs are entitled to any of the relief they seek.

## DEFENSES

Without assuming any burden that it would not otherwise bear, CSXT asserts the following defenses.  These defenses are pleaded in the alternative, and do not constitute an admission that CSXT is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  As a defense to the Complaint and each and every allegation contained therein, CSXT alleges:

1.    Plaintiffs fail to state a claim against CSXT upon which relief can be granted.

2.    Plaintiffs' claims against CSXT are barred, in whole or in part, by the applicable statute of limitations.

3.    Plaintiffs' claims against CSXT are barred, in whole or in part, because Plaintiffs lack standing, including but not limited to Article III standing, to bring these claims.

4.    Plaintiffs' claims against CSXT are barred, in whole or in part, because Plaintiffs failed to plead their allegations with particularity.

5.    The purported claims against CSXT and the allegations upon which they are based are improperly vague, ambiguous, and confusing.  CSXT reserves the right to request a more definite statement.

6.      Plaintiffs' claims against CSXT are barred, in whole or in part, by the doctrine of laches.

7.      Plaintiffs' claims against CSXT are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

8.      Plaintiffs' claims against CSXT are barred, in whole or in part, by the equitable doctrines of laches, estoppel and waiver.

9.      Plaintiffs' claims against CSXT are barred, in whole or in part, because Plaintiffs have not sustained any injury or damages caused by any action of CSXT.

10.     Plaintiffs' claims against CSXT are barred, in whole or in part, because Plaintiffs have failed to join indispensable parties.

11.     Plaintiffs' claims against CSXT are barred, in whole or in part, to the extent that Plaintiffs agreed to arbitrate claims related to their relevant contracts with CSXT.

12.     CSXT did not enter into or engage in any contract, combination, or conspiracy in restraint of trade or participate in any otherwise unlawful conduct.

13.     Plaintiffs' claims are barred, in whole or in part, because the alleged conduct that is the subject of the Complaint did not lessen competition in any relevant market or markets.

14.     Plaintiffs' claims are barred, in whole or in part, because they have not suffered an injury-in-fact or antitrust injury traceable to the alleged unlawful conduct that is the subject of the Complaint.

15.     Defendants' alleged conduct with respect to communications concerning interline railroad services and other railroad services was protected under law, including, but not limited to, the statutory protections described in 49 U.S.C. §10706.

16.     Plaintiffs' claims are barred, in whole or in part, to the extent those claims are based on conduct that is subject to the jurisdiction of the STB.

17.     Plaintiffs' claims are barred, in whole or in part, because those claims improperly infer the existence of a conspiracy based on CSXT's common carrier obligation to disclose rates and provide shippers with advance notice of rate changes pursuant to 49 U.S.C. § 11101.

18.     Any and all of CSXT's actions challenged by Plaintiffs were lawful, reasonable, justified, constitute bona fide business practices, and were carried out in furtherance of CSXT's legitimate business interests, and therefore did not violate any law at issue and have not caused any injury to competition, the public, or Plaintiffs.

19.     Plaintiffs are not entitled to injunctive relief.

20.     Plaintiffs have incurred no damages or its alleged damages are too remote and speculative to ascertain or apportion.

21.     Plaintiffs have failed to exercise reasonable care and diligence to mitigate their alleged damages.

22.     Without admitting any violation of any law, CSXT asserts that, should CSXT be held liable to Plaintiffs, which liability is specifically denied, the imposition of treble damages would be punitive and violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Excessive Fines Clause of the United States Constitution.

23.     CSXT incorporates by reference any additional defenses asserted by other Defendants.

24.     CSXT hereby reserves and asserts all defenses available under any applicable law. CSXT presently has insufficient knowledge or information upon which to form a belief as to

whether it may have other, as yet unstated, defenses available.  Therefore, CSXT reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims in the event that discovery and the factual developments in this case indicate that such additional defenses or claims would be appropriate.

WHEREFORE, Defendant CSXT respectfully requests that the Court (1) enter judgment in favor of CSXT and against Plaintiffs on all of their claims; (2) dismiss the Complaint with prejudice and enter judgment in favor of CSXT; (3) award CSXT its costs, expenses and attorneys' fees; and (4) award such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

CSXT hereby reserves the right to object to Plaintiffs' demand for a jury trial on some or all of the issues raised in the Complaint.

Dated:  August 4, 2021                              Respectfully submitted,

*/s/  Juan A. Arteaga*
Kent A. Gardiner (D.C. Bar No. 432081)
Luke van Houwelingen (D.C. Bar No. 989950 )
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(t) 202.624.2500
(f) 202.628.5116
KGardiner@crowell.com
LvanHouwelingen@crowell.com

Juan A. Arteaga
Mara R. Lieber
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2544
(t) 212.223.4000
(f) 212.223.4134
JArteaga@crowell.com
MLieber@crowell.com

*Attorneys for Defendant*
*CSX Transportation, Inc.*

30

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2021 I electronically filed the foregoing Defendant

CSX Transportation, Inc.'s Answer to Plaintiffs' Complaint with the Clerk of the Court using the

CM/ECF system, which will send a notice of the electronic filing to counsel for all parties.

*/s/ Juan A. Arteaga*
Juan A. Arteaga
