UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION (NO. II)<br><br>This document relates to:<br><br>*CHS Inc. v. Union Pacific Railroad Company, et al.*, No. 1:21-cv-02017-BAH (D.D.C.) | MDL Docket No. 2925<br>Misc. No. 20-8 (BAH) |

**DEFENDANT CSX TRANSPORTATION, INC.'S
<u>ANSWER TO PLAINTIFF'S COMPLAINT</u>**

CSX Transportation, Inc. ("CSXT") hereby answers the Complaint filed by Plaintiff CHS Inc. ("Plaintiff") as follows:

CSXT denies each and every allegation of the Complaint, except as specifically stated, and denies that it violated in any way the antitrust laws under which Plaintiff purports to bring this action. No response to the allegations in the unnumbered paragraph on page 1 is necessary or required because the allegations contain legal arguments. To the extent a response is necessary, CSXT denies the allegations, except admits that Plaintiff purports to bring an action here.

<u>**NATURE OF THE ACTION**</u>

1.    Paragraph 1 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 1, except admits that Plaintiff purports to bring an action as described in that paragraph.

2.    Paragraph 2 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 2,

1

except admits that it has independently implemented various fuel surcharges that sought to recover CSXT's increased fuel costs.

3. Paragraph 3 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT admits that the cited district court opinion contains the language quoted in Paragraph 3, but denies Plaintiff's allegations, including Plaintiff's characterization of this language, because the opinion is the best evidence of its complete and accurate contents. CSXT denies the remaining allegations in Paragraph 3.

4. CSXT denies the allegations in Paragraph 4, except admits that the All Inclusive Index ("AII") is a weighted index that includes fuel costs and a number of other costs.

5. Paragraph 5 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 5, except admits that the Association of American Railroads ("AAR") has published the AII, and that the All-Inclusive Index Less Fuel ("AIILF") was a cost index that did not have a fuel component.

6. Paragraph 6 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT admits that the cited district court opinion contains the language quoted in Paragraph 6, but denies Plaintiff's allegations, including Plaintiff's characterization of this language, because the opinion is the best evidence of its complete and accurate content. CSXT denies the remaining allegations in Paragraph 6.

7. Paragraph 7 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 7 that relate to Plaintiff's purported purchasing history of rail freight transportation services because it

lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 7.

8.     Paragraph 8 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 8, except admits that Plaintiff purports to bring an action as described in that paragraph.

## PARTIES

9.     CSXT denies the allegations in the first, second, and third sentences of Paragraph 9 because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 9.

10.    CSXT admits the allegations in Paragraph 10.

11.    CSXT denies the allegations in Paragraph 11 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

12.    CSXT denies the allegations in Paragraph 12 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

13.    CSXT denies the allegations in Paragraph 13 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

## JURISDICTION AND VENUE

14.    CSXT admits that Plaintiff purports to bring this action as described in Paragraph 14, but denies that it has violated the antitrust laws.

15.    Paragraph 15 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT admits the allegations in Paragraph 15.

16.     Paragraph 16 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations that it engaged in any conspiracy, and CSXT denies the remaining allegations in Paragraph 16

3

because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

17. Paragraph 17 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations that it engaged in an illegal price-fixing conspiracy, and denies the remaining allegations in Paragraph 17 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

## INTERSTATE TRADE AND COMMERCE

18. Paragraph 18 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 18.

19. CSXT denies the allegations in Paragraph 19 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

20. Paragraph 20 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT admits that it sold and carried out rail shipments in the flow of interstate commerce to shippers and customers throughout the United States. CSXT denies the remaining allegations in Paragraph 20.

## DEREGULATION OF THE RAILROAD INDUSTRY

21. CSXT admits that in 1980, Congress passed the Staggers Act, which partially deregulated the railroad industry. The remaining allegations in Paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, CSXT denies the remaining allegations in Paragraph 21.

22. Paragraph 22 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in

Paragraph 22, except admits that prior to the passage of the Staggers Act, CSXT charged certain published tariffs filed with the Interstate Commerce Commission.

23. CSXT lacks sufficient information to form an independent belief concerning the truth of the allegations in the first sentence in Paragraph 23. The remaining allegations in Paragraph 23 state legal conclusions to which no response is required. To the extent a response is required, CSXT denies the remaining allegations in Paragraph 23.

24. Paragraph 24 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 24.

25. Paragraph 25 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 25.

### DEFENDANTS INTRODUCE FUEL SURCHARGE

26. CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 26 contains legal arguments and conclusions of law to which no response is required. To the extent that the allegations in Paragraph 26 relate to a purported announcement made by the Surface Transportation Board ("STB"), CSXT denies the allegations because it lacks sufficient information to form an independent belief regarding the truth of the allegations, and because the announcement that Plaintiff purports to cite is the best evidence of its complete and accurate contents. CSXT denies the remaining allegations in Paragraph 26.

27. Paragraph 27 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 27.

28. Paragraph 28 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT admits that the cited district court opinion contains the language quoted in Paragraph 28, but denies Plaintiff's allegations, including Plaintiff's characterization of this language, because the opinion and the documents quoted by the opinion are the best evidence of their complete and accurate contents. CSXT denies the remaining allegations in Paragraph 28.

29. Paragraph 29 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 29.

30. Paragraph 30 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 30.

31. Paragraph 31 contains legal arguments and conclusions of law to which no response is required. To the extent that the allegations in Paragraph 31 relate to Union Pacific Railroad Company ("UP"), Norfolk Southern Railway Company ("NS"), or BNSF Railway Company ("BNSF"), CSXT denies the allegations because it lacks sufficient information to form an independent belief regarding the truth of the allegations. CSXT denies the remaining allegations in Paragraph 31, except admits that AAR published the AII and Rail Car Adjustment ("RCAF"), that CSXT independently entered into private freight transportation contracts that included cost escalation provisions tied to the AII and RCAF, and that the AII and RCAF both included a fuel component as well as various other components.

32. Paragraph 32 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 32.

33. Paragraph 33 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 33 that relate to BNSF, NS, or UP because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 33, except admits that it has independently implemented various fuel surcharges that sought to recover CSXT's increased fuel costs.

## DEFENDANTS' FIRST STEPS OF PRICE COLLUSION

34. CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 34 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 34.

35. To the extent that the allegations in Paragraph 35 relate to NS, UP, or BNSF, CSXT denies the allegations because it lacks sufficient information to form an independent belief regarding the truth of the allegations. CSXT denies the remaining allegations in Paragraph 35, except admits that certain CSXT employees have attended National Freight Transportation Association conferences.

36. Paragraph 36 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 36 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

37. Paragraph 37 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in

Paragraph 37 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

38. Paragraph 38 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 38 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

39. Paragraph 39 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 39 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

40. Paragraph 40 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 40 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

41. Paragraph 41 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 41, except admits that the AII and RCAF both included a fuel component.

42. Paragraph 42 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 42.

43. Paragraph 43 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 43, except admits that the AAR published the AIILF index in December 2003, and

that the AIILF was similar to the AII and RCAF indices except that it did not include fuel costs as a component.

47. Paragraph 44 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 44.

45. CSXT denies the allegations in Paragraph 45.

46. Paragraph 46 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 46 concerning NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 46.

47. Paragraph 47 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 47 concerning NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 47, except admits that, as of June 2003, CSXT's published fuel surcharge applied when the 30-day average price of WTI exceeded $23 per barrel, and that according to this published fuel surcharge, when the 30-day average price of WTI exceeded $23 per barrel, fuel surcharge rates increased 0.4 percent for every $1 increase.

48. Paragraph 48 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations, except admits that CSXT changed its published fuel surcharge two months after the WTI adjusted, and that it published its monthly fuel surcharge percentages on its website.

49. Paragraph 49 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 49.

50. Paragraph 50 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 50.

51. Paragraph 51 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 51.

52. Paragraph 52 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 52.

53. Paragraph 53 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 53.

## THE RAIL FUEL SURCHARGE SCHEME

54. CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 54 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 54.

55. Paragraph 55 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 55 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

56. Paragraph 56 contains legal argument and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 56 that relate to NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 56, except admits that its published fuel surcharges were as alleged in Paragraph 56.

57. Paragraph 57 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 57.

58. Paragraph 58 contains legal argument and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 58.

59. Paragraph 59 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 59.

60. Paragraph 60 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 60.

61. Paragraph 61 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 61.

**OTHER ELEMENTS OF THE CONSPIRACY**

62. CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 62 contains legal arguments and conclusions of law to which no response is required.

To the extent a response is required, CSXT denies the allegations in Paragraph 62, except admits that CSXT published its monthly fuel surcharge percentages on its website.

63. Paragraph 63 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 63 that relate to UP, BNSF, or NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 63.

64. Paragraph 64 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 64 that relate to UP, BNSF, or NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 64.

65. Paragraph 65 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT admits that the cited district court opinion contains the language quoted in Paragraph 65, but denies Plaintiff's allegations, including Plaintiff's characterization of this language, because the opinion and the documents quoted in the opinion are the best evidence of their complete and accurate content. CSXT denies the remaining allegations in Paragraph 65.

66. Paragraph 66 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations in Paragraph 66 relate to BNSF, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 66.

67. Paragraph 67 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 67 that relate to UP, BNSF, or NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 67.

68. Paragraph 68 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 68.

## DEFENDANTS' SUPRACOMPETITIVE PROFITS

69. CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 69 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 69.

70. Paragraph 70 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 70.

71. Paragraph 71 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 71.

72. Paragraph 72 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 72.

73. Paragraph 73 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 73.

## COUNT I

## Violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act

74. CSXT incorporates by reference its responses to Paragraphs 1-73 as if set forth fully herein.

75. Paragraph 75 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 75.

76. Paragraph 76 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 76.

77. Paragraph 77 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 77.

78. Paragraph 78 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 78.

79. Paragraph 79 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 79.

## PLAINTIFF'S PRAYER FOR RELIEF

CSXT denies that Plaintiff is entitled to any of the relief it seeks.

## DEFENSES

Without assuming any burden that it would not otherwise bear, CSXT asserts the following defenses. These defenses are pleaded in the alternative, and do not constitute an admission that CSXT is in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. As a defense to the Complaint and each and every allegation contained therein, CSXT alleges:

1. Plaintiff fails to state a claim against CSXT upon which relief can be granted.

2. Plaintiff's claims against CSXT are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims against CSXT are barred, in whole or in part, because Plaintiff lacks standing, including but not limited to Article III standing, to bring these claims.

4. Plaintiff's claims against CSXT are barred, in whole or in part, because Plaintiff failed to plead its allegations with particularity.

5. The purported claims against CSXT and the allegations upon which they are based are improperly vague, ambiguous, and confusing. CSXT reserves the right to request a more definite statement.

6. Plaintiff's claims against CSXT are barred, in whole or in part, by the doctrine of laches.

7. Plaintiff's claims against CSXT are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

8. Plaintiff's claims against CSXT are barred, in whole or in part, by the equitable doctrines of laches, estoppel and waiver.

9. Plaintiff's claims against CSXT are barred, in whole or in part, because Plaintiff has not sustained any injury or damages caused by any action of CSXT.

10. Plaintiff's claims against CSXT are barred, in whole or in part, because Plaintiff has failed to join indispensable parties.

11. Plaintiff's claims against CSXT are barred, in whole or in part, to the extent that Plaintiff agreed to arbitrate claims related to its relevant contracts with CSXT.

12. CSXT did not enter into or engage in any contract, combination, or conspiracy in restraint of trade or participate in any otherwise unlawful conduct.

13.	Plaintiff's claims are barred, in whole or in part, because the alleged conduct that is the subject of the Complaint did not lessen competition in any relevant market or markets.

14.	Plaintiff's claims are barred, in whole or in part, because it has not suffered an injury-in-fact or antitrust injury traceable to the alleged unlawful conduct that is the subject of the Complaint.

15.	Defendants' alleged conduct with respect to communications concerning interline railroad services and other railroad services was protected under law, including, but not limited to, the statutory protections described in 49 U.S.C. §10706.

16.	Plaintiff's claims are barred, in whole or in part, to the extent those claims are based on conduct that is subject to the jurisdiction of the STB.

17.	Plaintiff's claims are barred, in whole or in part, because those claims improperly infer the existence of a conspiracy based on CSXT's common carrier obligation to disclose rates and provide shippers with advance notice of rate changes pursuant to 49 U.S.C. § 11101.

18.	Any and all of CSXT's actions challenged by Plaintiff were lawful, reasonable, justified, constitute bona fide business practices, and were carried out in furtherance of CSXT's legitimate business interests, and therefore did not violate any law at issue and have not caused any injury to competition, the public, or Plaintiff.

19.	Plaintiff is not entitled to injunctive relief.

20.	Plaintiff has incurred no damages or its alleged damages are too remote and speculative to ascertain or apportion.

21.	Plaintiff has failed to exercise reasonable care and diligence to mitigate its alleged damages.

22. Without admitting any violation of any law, CSXT asserts that, should CSXT be held liable to Plaintiff, which liability is specifically denied, the imposition of treble damages would be punitive and violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Excessive Fines Clause of the United States Constitution.

23. CSXT incorporates by reference any additional defenses asserted by other Defendants.

CSXT hereby reserves and asserts all defenses available under any applicable law. CSXT presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available.  Therefore, CSXT reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims in the event that discovery and the factual developments in this case indicate that such additional defenses or claims would be appropriate.

WHEREFORE, Defendant CSXT respectfully requests that the Court (1) enter judgment in favor of CSXT and against Plaintiff on all of its claims; (2) dismiss the Complaint with prejudice and enter judgment in favor of CSXT; (3) award CSXT its costs, expenses and attorneys' fees; and (4) award such other relief as the Court deems just and proper.

//

//

## JURY TRIAL DEMAND

CSXT hereby reserves the right to object to Plaintiff's demand for a jury trial on some or all of the issues raised in the Complaint.

Dated: August 31, 2021

                                Respectfully submitted,

                                /s/ *Juan A. Arteaga*
                                Kent A. Gardiner (D.C. Bar No. 432081)
                                Luke van Houwelingen (D.C. Bar No. 989950)
                                CROWELL & MORING LLP
                                1001 Pennsylvania Avenue, N.W.
                                Washington, D.C. 20004
                                (t) 202.624.2500
                                (f) 202.628.5116
                                KGardiner@crowell.com
                                LvanHouwelingen@crowell.com

                                Juan A. Arteaga
                                Mara R. Lieber
                                CROWELL & MORING LLP
                                590 Madison Avenue, 20th Floor
                                New York, NY 10022-2544
                                (t) 212.223.4000
                                (f) 212.223.4134
                                JArteaga@crowell.com
                                MLieber@crowell.com

                                *Attorneys for Defendant*
                                *CSX Transportation, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2021, I electronically filed the foregoing Defendant CSX Transportation, Inc.'s Answer to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to counsel for all parties.

/s/ *Juan A. Arteaga*
Juan A. Arteaga
